UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: : | |
| : | CASE NO. 09-81806-JEM |
| AVONDA JEANISE WILLIAMS, : | |
| : | |
| : | CHAPTER 7 |
| Debtor. : | |

**TRUSTEE'S MOTION FOR AUTHORIZATION TO SELL
DEBTOR'S EQUITY INTEREST IN REAL PROPERTY FREE AND CLEAR OF LIENS**

**NOW COMES** Martha A. Miller, Trustee, through counsel, and moves the Court pursuant to 11 U.S.C. §363 and Bankruptcy Rules 2002, 6004, and 9014 and Local Rule 9007-2 for an Order:

(a) Authorizing the sale of the Debtor's equity interest in property located at 601 Powder Springs Street, SW, Marietta, Georgia (the "Subject Property") free and clear of liens, encumbrances, charges or other claims or interests (hereinafter referred to collectively as "encumbrances"), with said encumbrances, if any, to be divested from the property which is sold and attached to the proceeds to the extent that the same are valid, enforceable, perfected, and not subject to avoidance. The legal description of the Subject Property is attached hereto as Exhibit "A".

(b) The sale is "AS IS, WHERE IS" with no representations or warranties by the Trustee and no contingencies or stipulations.

(c) Authorizing the closing on the proposed sale to occur within seven (7) days of the approval of the sale by this Court.

{21215/006/01129565.DOCv1}

Movant respectfully shows to the Court as follows:

1.

Debtor filed for protection under Chapter 13 of the Bankruptcy Code on August 20, 2009 and converted the case to a Chapter 7 on March 22, 2013. Applicant became the duly appointed Chapter 7 Trustee at the conclusion of the 341(a) meeting of creditors on May 20, 2013.

2.

The Subject Property is a commercial property of the Debtor.

3.

Subject to approval by the Court, Trustee has entered into a Purchase and Sale Agreement (the "Agreement") for the sale of the equity in the Subject Property to Mr. Anthony Williams (the "Purchaser") for the purchase price of $13,232.08. The Purchaser will pay all cash for the purchase of the subject property. A true copy of the Agreement is attached to this Motion as Exhibit "B," and the original can be made available for inspection at the office of the Trustee by all creditors and other parties-in-interest.

4.

The sale price for the Subject Property was determined by utilizing various factors, including, but not limited to:

    a)     recent sales of comparable properties in the immediate area;

    b)     consultation with a licensed commercial real estate agent;

    c)     current economic conditions of the real estate market;

    d)     condition of the Subject Property; and

    e)     the nature of the interest being conveyed; and

    f)     costs of liquidation.

The determinative factor in arriving at the purchase price was the condition of the Subject Property. The property structure is an older building and is presently fitted as a take-out restaurant. There will likely be substantial costs to a purchaser to renovate the building to current building codes and standards.

5.

Movant submits that this proposal is a fair and equitable sale of the equity in the Subject Property.

6.

If a higher offer is received prior to this Court approving the sale, and it appears that the sale to the third party purchaser may better serve the interest of this estate, the Movant requests that no other offer by a potential third party purchaser be considered by this Court unless it is at least $1,000.00 greater than the sales price of $13,232.08 and subject to the same terms and conditions of the Agreement by the hearing on this Motion.

7.

Movant shows that the best price for the Debtor's equity interest in the Subject Property will be obtained, if Movant is authorized and permitted to sell the property free and clear of encumbrances held or asserted by any party in interest, with any and all encumbrances, if any, to be divested from the property which is sold and attached to the proceeds of such sale to the extent that such encumbrances are valid, enforceable, perfected and not subject to avoidance. Movant is unaware of any such encumbrances.

8.

During the pendency of this case, Movant has incurred, and will incur, reasonable and necessary costs and expenses of preserving and disposing of the property. Pursuant to 11 U.S.C.

{21215/006/01129565.DOCv1}

§§ 503, 506(c) and 507, Movant shows that the costs and expenses associated with the preservation and the disposition of the property have benefitted and will benefit the holders of interests or encumbrances in the property. The proceeds of the sale should be charged under 11 U.S.C. §506(c) with the reasonable and necessary costs of sale and the cost of preservation of the property.

9.

Upon information and belief, with regard to each claim or encumbrance asserted to the equity in the Subject Property by other claimants in this case, Movant shows that said claims are unliquidated, disputed, and/or subject to avoidance, that the holders of such claims could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of any interest such holders have; and that, alternatively, applicable non-bankruptcy law permits the sale of the property in which said claimants may claim an encumbrance. Accordingly, pursuant to 11 U.S.C. §363, the Court should authorize and order the sale of the property free and clear of any encumbrances claimed by any party in interest, with any such encumbrance to be divested from the property and attached to the proceeds, to the extent that any such encumbrance is valid, enforceable, perfected, and not subject to avoidance by Movant.

10.

The sale of Debtor's interest in the Subject Property with all improvements thereon will be by private sale and by a Trustee's Deed executed by the Trustee free and clear of any liens, charges, claims, encumbrances or other interest, with any valid encumbrances on the Subject Property to attach to the proceeds to the extent that said encumbrances are found to be enforceable and not subject to avoidance by the trustee. The proposed Trustee's Deed is attached hereto as Exhibit "C."

{21215/006/01129565.DOCv1}

11.

Any objections which are not timely filed, served and advocated shall be deemed waived and forever barred. A failure to object to the proposed sale shall not, however, be a waiver of the attachment of any encumbrance to the proceeds to the extent that the encumbrances are valid, enforceable, perfected, and not subject to avoidance by Movant.

12.

Upon approval of the sale of the property, and upon the consummation of said sale, the Court should determine the nature, extent, validity, and priority of any encumbrances asserted by any party in interest and the amount of any costs and expenses chargeable against the proceeds pursuant to 11 U.S.C. §§ 503, 506(c) and 507. Pending further hearing with regard to such matters and determination of any disputes by the Court, the Court should authorize the deposit of the proceeds from the sale, to the property estate account to be maintained by Movant and held pending further orders of the Court.

**WHEREFORE**, Movant prays that the Court:

(a) Authorize and approve the Trustee's private sale of the Subject Property and improvements as proposed herein pursuant to 11 U.S.C. § 363;

(b) Authorize and approve the conveyance of the property free and clear of all liens, encumbrances, interests or other charges, and provide that any such liens, interests and encumbrances or other charges attach to the proceeds to the extent that the same are valid and enforceable, have not been avoided or are not subject to avoidance by the Trustee, if any;

(c) Authorize an immediate closing without requiring the expiration of ten (10) days after entry of its Order;

{21215/006/01129565.DOCv1}

(d) Authorize the Trustee to execute such instruments and documents as will carry out the purposes of this motion;

(e) Require the creditors and any other interested parties to assert and to prove any interests in the property and determine their respective interests in the proceeds and authorize disbursement thereof as required by law [holders of security deeds, brokers, others];

(f) In a Notice to all creditors, parties in interest and other parties who have requested notice in this case, allow any party to make a higher offer for the Estate's interest in the equity in the property, provided that such offer to be considered is at least $1,000.00 higher than the $13,232.08 purchase price by the date of the hearing on this motion with proof of ability to fund the purchase and ability to close the sale by the same date and on the same terms as the Purchaser; and

(g) Grant such other and further relief as the Court deems just and proper.

This 6th day of March 2014.

Respectfully submitted,

SCHULTEN WARD & TURNER, LLP

  /s/ Martha A. Miller
Martha A. Miller
Georgia Bar No. 507950
Counsel for Trustee

260 Peachtree Street, N.W.
Suite 2700
Atlanta, Georgia 30303
(404) 688-6800
mam@swtlaw.com

{21215/006/01129565.DOCv1}

# CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **Trustee's Motion for Authorization to Sell Debtor's Equity Interest in Real Property Free and Clear of Liens** by depositing the same in the United States mail with sufficient postage affixed thereto and addressed as follows:

Office of the United States Trustee
362 Richard B. Russell Federal Bldg.
75 Spring Street, SW
Atlanta, Georgia 30303

Avonda Jeanise Williams
2100 Mesa Valley Way
Apt 502
Austell, GA  30106

This 6th day of March 2014

                                             */s/ Martha A. Miller*
                                             Martha A. Miller
                                             Georgia Bar No. 507950
                                             Counsel for Trustee

Schulten Ward & Turner, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, Georgia 30303
(404) 688-6800

{21215/006/01129565.DOCv1}